# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

**KAREN MOODY,**                                )
                                                )
    **Plaintiff,**                           )
                                                )
**v.**                                          )    Civil Action Number:
                                                )    **2:16-cv-01495-AKK**
**BOARD OF TRUSTEES OF THE**                    )
**UNIVERSITY OF ALABAMA, and**                  )
**ANDRE DAVIS, individually and in**            )
**his official capacity.**                      )

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

Karen Moody brings this nine count complaint for age, gender, and race discrimination and retaliation against the Board of Trustees of the University of Alabama and its Director of Parking and Transportation Andre Davis, individually and in his official capacity, pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, the Equal Protection Clause of the Fourteenth Amendment, and 42 U.S.C. § 1981. *See generally* doc. 1. The court has for consideration Defendants' partial motions to dismiss, docs. 9; 10, which are fully briefed, docs. 15; 16, and ripe for review. For the reasons stated below, the Board's motion, doc. 9, is due to

be granted[1], and Davis's motion, doc. 19, is due to be granted in part.

# I.    STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. *Iqbal*, 556 U.S. at 678 (citations and internal quotation marks omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citing *Twombly*, 550 U.S. at 557).

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when a complaint fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citations omitted) (internal quotation marks omitted). A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the

---

[1] In response to the Board's motion, Moody "acknowledges that her Count I –ADEA claim against [the Board] is barred by the Eleventh Amendment," doc. 15 at 2 (citing *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 93 (2000)), and "concedes to voluntarily withdrawal [of] Count I . . . ." Doc. 15 at 2 n.1. Therefore, the ADEA claim against the Board is due to be dismissed.

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The complaint must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Ultimately, this inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## II.     FACTUAL BACKGROUND[2]

Moody, a Caucasian female, was employed by the University of Alabama at Birmingham ("UAB") in parking and transportation services from October 2000 until April 2014. Doc. 1 at 3–4. Moody held the position of Manager of Parking and Transportation Services at the time of her termination. *Id.* at 3. While still employed, Moody filed a lawsuit for age and gender discrimination challenging the selection of Andre Davis, who was "much younger and less qualified than Moody," as the Director of Parking and Transportation. *Id.* at 3–4. Moody subsequently amended her lawsuit to add Davis as a defendant, alleging that Davis retaliated against her and made "racially derogatory comments." *Id.* at 4. The parties resolved this lawsuit in November 2014.

---

[2] "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting G*SW, Inc. v. Long Cty.*, 999 F.2d 1508, 1510 (11th Cir. 1993)).

A restructuring in the Parking and Transportation Services Department resulted in the elimination of management level employees, including Moody. Moody maintains that she is the only affected employee UAB did not transfer or move to a different position, despite assurances that Moody would "receive priority and assistance from UAB to be placed into a different, safe position on campus." *Id.* For over "a year and a half" after her layoff, Moody applied unsuccessfully for approximately fifty vacant positions. *Id.* at 4–5. Moody received no call-backs or interviews, and UAB allegedly "failed to provide any meaningful assistance to Moody." *Id.* at 4–5. Allegedly, UAB hired less qualified individuals outside of Moody's protected classes (age, race and gender) or sometimes opted to outsource, close, or leave the positions vacant instead of hiring Moody. *Id.* at 5–6. When Moody contacted Human Resources, an employee told Moody "that she should look outside of UAB for employment because she had 'burned bridges' by filing discrimination charges and a lawsuit," that her age hurt her prospects because "she was fast approaching retirement," and that Davis dissuaded them from rehiring her to all available positions. *Id.* at 6.

A year after Moody's layoff, Davis recreated Moody's position. Despite knowing that Moody was still actively looking for employment, Davis promoted a less-qualified, male employee, under the age of forty. *Id.* at 5. A few months later,

UAB hired or placed in another department an African-American employee, who lost his position in the same layoffs that affected Moody. *Id.* at 6.

### III.    ANALYSIS

In her complaint, Moody pleads claims against Davis in both his official and individual capacities for age and gender discrimination pursuant to the Equal Protection Clause of the Fourteenth Amendment through section 1983 (Counts II and IV), race discrimination pursuant to the Equal Protection Clause of the Fourteenth Amendment and section 1981, both through section 1983 (Counts VI and VII), and retaliation pursuant to section 1981 through section 1983 (Count IX). *See generally* doc. 1. Davis has moved to dismiss all claims against him, arguing that he is entitled to Eleventh Amendment Immunity for the official capacity claims and qualified immunity for the individual capacity claims. Doc. 10 at 2 n.1, 6. The court addresses these contentions below.

### A.    Official Capacity Claims

"[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office . . . . As such, it is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Accordingly, "[u]nder the Eleventh Amendment, state officials sued for damages in their official capacity are immune from suit in federal court." *Jackson v. Ga. Dep't of Transp.*, 16 F.3d 1573, 1575 (11th Cir.

1994); *see also Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (stating that "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"). Therefore, "a suit by private parties seeking to impose liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). As such, to the extent Moody pleads claims for relief seeking monetary damages against Davis in his official capacity, because "[o]fficial capacity actions seeking [monetary] damages are deemed to be against the entity of which the officer is an agent," *Cross v. State of Ala., State Dep't of Mental Health & Mental Retardation*, 49 F.3d 1490, 1503 (11th Cir. 1995) (quotation marks omitted), these claims are due to be dismissed.

However, as Moody correctly points out, *see* doc. 15 at 2–5, "official-capacity suits against state officials are permissible . . . under the Eleventh Amendment when the plaintiff seeks *prospective* equitable relief to end *continuing* violations of federal law." *Lane v. Cent. Ala. Cmty. College*, 772 F.3d 1349, 1351 (11th Cir. 2014) (emphasis in original) (quotation marks omitted). "[R]equests for reinstatement constitute prospective injunctive relief that fall within the scope of the *Ex parte Young* exception and, thus, are not barred by the Eleventh Amendment." *Id.* Indeed, as to the prospective injunctive relief Moody requests — namely, reinstatement, *see* doc. 1 at 15–16, Davis concedes that under *Lane*, he "is

not automatically immune in his official capacity from § 1983 claims for which [Moody] seeks prospective equitable relief based on *Ex parte Young*." Doc. 16 at 2.

Davis contends nonetheless that dismissal is still warranted for the official capacity claims against him, in part, because "Davis's position as Director of Parking and Transportation Services at UAB does not include the power to reinstate employees," and that only the Board has "the ability to reinstate employees." Doc. 16 at 2–4. This fact may well ultimately carry the day for Davis. However, at the motion to dismiss stage, all "reasonable inferences" are drawn in favor of the plaintiff. *See Prickett v. BAC Home Loans*, 946 F. Supp. 2d 1236, 1241 (N.D. Ala. 2013). Therefore, in light of Moody's allegations that, within the Parking and Transportation Department, Davis has the official capacity to make hiring and promotion decisions, and also has the capacity to influence Human Resources regarding the rehiring and placement of Moody, doc. 1 at 5–6, the court cannot accept, at this juncture, Davis's contention that he does not have the capacity to hire Moody to positions within his department. *See supra* note 2.

Likewise, the court declines to accept Davis's contention that there is no continuing or ongoing violation of Moody's rights because she is no longer at UAB. Doc. 16 at 4–6. Davis is correct that prospective injunctive relief may be granted only "to prevent a continuing violation of federal law because such

conduct is not considered state action." *Id.* at 4 (quoting *Searcey v. Strange*, No. 14-0208-G-N, 2014 WL 4322396, at *3 (S.D. Ala. Aug. 28, 2014) (internal quotations omitted)); *see also Summit Med. Assocs., P.C. v. Pryor*, 180 F.3d 1326, 1338 (11th Cir. 1999) ("the *Ex parte Young* doctrine applies only to ongoing and continuous violations of federal law" (citing *Papasan v. Allain*, 478 U.S. 265, 277–78 (1986); *Green v. Mansour*, 474 U.S. 64, 68 (1985)). Indeed, "[t]o pursue an injunction or declaratory judgment, the [plaintiff] must allege a likelihood of future violations of their rights by [the defendant], not simply future effects from past violations." *Armstrong v. Turner Indus., Inc.*, 141 F.3d 554, 563 (5th Cir. 1998).

Contrary to Davis's contention, Moody has in fact pleaded such a likelihood of future violations. Specifically, despite purported assurances that UAB would transfer her into "safe" positions on campus and provide her "priority and assistance," Moody contends that none of her fifty-plus applications have proved successful. Doc. 1 at 4–6. Moreover, Human Resources allegedly notified Moody that UAB will continue to deny her positions, because "she 'burned bridges' by filing discrimination charges and a lawsuit," "she was fast approaching retirement," and due to Davis's purported campaign against Moody. *Id.* at 6. These allegations sufficiently plead that the Board and Davis intend to continue denying Moody employment opportunities in retaliation for her protected activity and her age. If true, Moody is entitled to the prospective injunctive relief she seeks, and

such a finding would, in fact, "prevent a continuing violation of federal law." *See Summit Med. Assocs.*, 180 F.3d at 1338.

## B.    Individual Capacity Claims

Davis has also moved to dismiss the individual capacity claims against him. The defense of qualified immunity is granted "if the 'complaint fails to allege the violation of a clearly established constitutional right.'" *St. George v. Pinellas Cty.,* 285 F.3d 1334, 1337 (11th Cir. 2002) (quoting *Chesser v. Sparks,* 248 F.3d 1117, 1121 (11th Cir. 2001)). "Whether the complaint alleges such a violation is a question of law" for the court to decide, "accepting the facts alleged in the complaint as true and drawing all reasonable inferences in the plaintiff's favor." *Id.*

### 1.    Failure to Hire

"The Equal Protection Clause ensures a right to be free from intentional discrimination based upon race, and gender," in employment decisions concerning hiring practices.[3] *Williams v. Consol. City of Jacksonville*, 341 F.3d 1261, 1268 (11th Cir. 2003) (internal citations omitted). Moreover, it is clearly established that it is "unlawful for a public official to make a race– or gender-based decision concerning hiring, termination, promotion, or transfer to or from an existing position, to refuse to fill an existing position because of the race of an applicant, or

---

[3] Moody has failed to sufficiently "allege the violation of a clearly established constitutional right," *see St. George,* 285 F.3d at 1337, pursuant to age discrimination, because "age is not a suspect classification under the Equal Protection Clause." *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 83 (2000). Therefore, Count II is due to be dismissed against Davis in his individual capacity.

to reorganize positions to avoid promoting an employee because of her gender." *Id.* at 1272 (internal citations omitted). To sufficiently plead a violation of a clearly established constitutional right, a plaintiff must allege:

> 1) that she or he is a member of a protected class; 2) that she or he applied and was qualified for a job for which the employer was seeking applicants; 3) that despite her or his qualifications, she or he was rejected; and 4) that after this rejection the position remained open or was filled by a person not within the protected class.

*Welborn v. Reynolds Metals Co.*, 810 F.2d 1026, 1028 (11th Cir. 1987).

> i. Gender discrimination for failure to hire or rehire under the Equal Protection Clause through section 1983 (Count IV)

The gender discrimination claim against Davis is due to be dismissed because Moody fails to sufficiently plead that she actually applied for a position within Davis's control for hiring purposes or that Davis subsequently rejected her because of her gender. *See Welborn,* 810 F.2d at 1028. Moody pleads instead that she applied unsuccessfully for about fifty vacant positions, and that UAB selected "lesser qualified individuals outside of her protected classes," or "closed out" the positions, or kept them "vacant, open and unfilled," or "outsourced" them. Doc. 1 at 3–6. However, the complaint does not identify which of these fifty positions were actually awarded to men, and what role, if any, Davis purportedly had in each of the selection decisions.  In fact, Moody does not plead that she actually applied to any positions within Davis's direct control, including her previously eliminated

position, or that Davis orchestrated her rejection for any position due to her gender. *See generally id.* Moreover, while Moody pleads that Davis knew that Moody was still looking for work – and, presumably, should have selected her for her prior position when he decided to refill it, Davis's failure to select Moody in itself does not mean that gender animus motivated his actions. Because "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions," *Iqbal*, 556 U.S. at 679, and in light of Moody's failure to identify the specific positions awarded to men or to sufficiently link Davis to the selection decisions, as to the gender discrimination claim, Moody fails to sufficiently plead a violation of a clearly established constitutional right against Davis. Therefore, this claim is due to be dismissed.

> ii. Race discrimination for failure to hire or rehire under the Equal Protection Clause through section 1983 (Count VI); and Race discrimination for failure to hire or rehire under 42 U.S.C. § 1981 through section 1983 (Count VII)[4]

Similar to her gender discrimination claims against Davis, Moody has failed to identify which of the positions she applied for went to purportedly less qualified non-Caucasians, what Davis' specific role was, if any, in these selection decisions, or that Davis orchestrated her rejection because of her race. Likewise, even for her

---

[4] *See Zeigler v. Alabama Dep't of Human Res.*, 710 F. Supp. 2d 1229, 1250 n. 13 (M.D. Ala. 2010) (citing *Bryant v. Jones,* 575 F.3d 1281, 1296 n. 20 (11th Cir.2009) ("noting that discrimination claims, including hostile work environment claims, brought under the Equal Protection Clause, 42 U.S.C. § 1981, or Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2, are subject to the same standards of proof and employ the same analytical framework")).

former position, Moody does not plead that she applied or that Davis hired someone outside of her protected racial class. Doc. 1 at 5 (pleading only that Davis promoted "a younger, less qualified male employee"). Accordingly, as to the racial discrimination claims against Davis, Moody fails to sufficiently plead a violation of a clearly established constitutional right, and these claims are due to be dismissed.

> 2.   *Retaliation for protected activity pursuant to 42 U.S.C. § 1981 through section 1983 (Count IX)*

"[I]t is well-established in this circuit that claims for [discriminatory] retaliation are cognizable pursuant to § 1981." *Bryant v. Jones*, 575 F.3d 1281, 1309 (11th Cir. 2009). To sufficiently plead that a defendant violated this clearly established constitutional right — the right to be free from retaliation for protected activity, a plaintiff must allege that: "(1) [s]he engaged in statutorily protected conduct; (2) [s]he was adversely affected by an employment decision; and (3) there was a causal connection between the statutorily protected conduct and the adverse employment decision." *Drago v. Jenne*, 453 F.3d 1301, 1307 (11th Cir. 2006). Moody has made this showing by sufficiently pleading that (1) she engaged in statutorily protected conduct, doc. 1 at 3–4; (2) she suffered an adverse action when UAB and Davis refused to hire her for approximately fifty positions, *id.* at 4–5; and (3) that a causal connection existed between her statutorily protected activity and the adverse conduct. Among other things, Moody alleges that after she

challenged UAB's decision to promote Davis to Director of Parking and Transportation, Davis made "racially derogatory comments" toward her and later dissuaded Human Resources from rehiring Moody, and that Human Resources told her "that she should look outside of UAB for employment [in part] because she had 'burned bridges' by filing discrimination charges and a lawsuit." *Id.* at 6. In light of these facts, Moody has sufficiently pleaded a causal connection between the statutorily protected conduct and the adverse actions. *See St. George*, 285 F.3d at 1337 (the court draws "all reasonable inferences in plaintiff's favor").

## IV.      CONCLUSION AND ORDER

For the reasons explained above, the Board's partial motion to dismiss, doc. 9, is **GRANTED** and Count I is **DISMISSED WITH PREJUDICE**. Davis's partial motion to dismiss, doc. 10, is **GRANTED IN PART**. Any claims seeking monetary damages against Davis in his official capacity are **DISMISSED WITH PREJUDICE**, and any claims seeking prospective declaratory relief against Davis in his official capacity remain. As to the claims against Davis in his individual capacity, the motion to dismiss Count IX is **DENIED.** Counts II, IV, VI, and VII are **DISMISSED WITHOUT PREJUDICE**.

**DONE** the 13th day of July, 2017.

**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE